UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW MOAK,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SACRAMENTO COUNTY,<br><br>　　　　　Defendant. | No.  2:15-cv-0640 MCE KJN P<br><br><br>FINDINGS AND RECOMMENDATIONS |

I. Introduction

　　　　Plaintiff is a state prisoner, proceeding pro se, with a civil rights action pursuant to 42 U.S.C. § 1983.  Defendant's motion to dismiss is before the court.  As discussed below, the court recommends that defendant's motion to dismiss be granted as to plaintiff's "Fourth" Amendment claim, but denied in all other respects, and that defendant be ordered to file a responsive pleading.

II. Plaintiff's Claims

　　　　Plaintiff alleges that from April 2012, to September 2013, while he was a pretrial detainee housed in the Sacramento County Jail, defendant maintained a policy or custom of allowing a backflushing problem to exist within the plumbing system at the jail, and refused to provide cleaning supplies to sanitize the cell after waste water splashed out of the toilets.  He alleges that such policy or custom violated "the Fourth [sic] Amendment applying Eighth Amendment standards," (ECF No. 1 at 4), and relies on Bodnar v. Riverside County Sheriff's Dept., 2014 WL

1

2737815 (C.D. Cal. March 28, 2014) (denied defendant's motion for summary judgment on prisoner's claim that defendant maintained a custom of allowing a backflushing problem while denying cleaning supplies).

III.  Motion to Dismiss

Rule 12(b) of the Federal Rules of Civil Procedures provides for motions to dismiss for "lack of subject matter jurisdiction," Fed. R. Civ. P. 12(b)(1), and "failure to state a claim upon which relief can be granted," Fed. R. Civ. P. 12(b)(6).

In a Rule 12(b)(1) challenge, the burden is on the plaintiff to establish that the court has subject matter jurisdiction over an action. Assoc. of Med. Colls. v. United States, 217 F.3d 770, 778-79 (9th Cir. 2000).

In considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must accept as true the allegations of the complaint in question, Erickson v. Pardus, 551 U.S. 89 (2007), and construe the pleading in the light most favorable to the plaintiff. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969); Meek v. County of Riverside, 183 F.3d 962, 965 (9th Cir. 1999).  Still, to survive dismissal for failure to state a claim, a pro se complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a claim upon which the court can grant relief must have facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949.  Attachments to a complaint are considered to be part of the complaint for purposes of a motion to dismiss for failure to state a claim. Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990).

A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).  In general, pro se

pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). The court has an obligation to construe such pleadings liberally. Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc). However, the court's liberal interpretation of a pro se complaint may not supply essential elements of the claim that were not pled. Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).

A. Conditions of Confinement

Plaintiff was a pretrial detainee at the time of the alleged incidents. As a pretrial detainee, he is entitled to treatment more considerate than that afforded convicted criminals. Jones v. Blanas, 393 F.3d 918, 931-32 (9th Cir. 2004). Therefore, plaintiff's constitutional claims "arise[ ] from the due process clause of the Fourteenth Amendment and not from the Eighth Amendment prohibition against cruel and unusual punishment." Jones v. Johnson, 781 F.2d 769, 771 (9th Cir. 1986) (citing Bell v. Wolfish, 441 U.S. 520, 573 n.16 (1979)), overruled on other grounds by Peralta v. Dillard, 744 F.3d 1076 (9th Cir. 2014). "[T]he more protective Fourteenth Amendment standard applies to conditions of confinement when detainees . . . have not been convicted" of a crime. Gary H. v. Hegstrom, 831 F.2d 1430, 1432 (9th Cir. 1987) (citing, *inter alia*, Bell, 441 U.S. at 535 n.16 (pretrial detainees)). "[T]he Fourteenth Amendment prohibits all punishment of pretrial detainees." Demery v. Arpaio, 378 F.3d 1020, 1029 (9th Cir. 2004). "This standard differs significantly from the standard relevant to convicted prisoners, who may be subject to punishment so long as it does not violate the Eighth Amendment's bar against cruel and unusual punishment." Pierce v. Cnty. of Orange, 526 F.3d 1190, 1205 (9th Cir. 2008).

Therefore, the Fourteenth Amendment requires the government to do more than provide minimal necessities to non-convicted detainees. Blanas, 393 F.3d at 931. To assess the constitutionality of pretrial detention conditions that are not alleged to violate any express constitutional guarantee, a district court must determine whether those conditions amount to punishment of the detainee. Bell, 441 U.S. at 535; Pierce, 526 F.3d at 1205; Demery, 378 F.3d at 1029.

Under the Due Process Clause, pretrial detainees have a right against jail conditions or restrictions that "amount to punishment." Bell, 441 U.S. at 535-37; see also Pierce, 526 F.3d at

1205; Valdez v. Rosenbaum, 302 F.3d 1039, 1045 (9th Cir. 2002) (pretrial detainees have a substantive due process right against restrictions that amount to punishment). This right is violated if restrictions are "imposed for the purpose of punishment." Bell, 441 U.S. at 535. There is no constitutional infringement, however, if restrictions are "but an incident of some other legitimate government purpose." Id. In such a circumstance, governmental restrictions are permissible. United States v. Salerno, 481 U.S. 739, 748 (1987) (holding that the pretrial detention contemplated by the Bail Reform Act is regulatory in nature, and does not constitute punishment before trial in violation of the Due Process Clause).

### 1. Subject Matter Jurisdiction

Defendant contends that this court lacks jurisdiction because plaintiff failed to allege harm. Plaintiff argues that he does not have to allege actual physical harm based on a constitutional violation, again relying on Bodnar, 2014 WL 2737815.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (citations omitted).

Principles of ripeness, mootness, standing, and the court's Article III jurisdiction overlap. Whether jurisdiction is contested because a controversy is no longer live, or has not yet matured into an actual controversy, or because the plaintiff is not affected by or otherwise lacks any real stake in the outcome of the controversy, jurisdiction of federal courts under Article III requires that there be an actual, not theoretical, case or controversy. Arizonans for Official English v. Arizona, 520 U.S. 43, 65 (1997); Shell Offshore, Inc. v. Greenpeace, Inc., 709 F.3d 1281, 1286-87 (9th Cir. 2013); Nat'l Wildlife Fed'n v. Adams, 629 F.2d 587, 593 n.11 (9th Cir. 1980) ("[B]efore reaching a decision on the merits, we [are required to] address the standing issue to determine if we have jurisdiction.").

Here, defendant's challenge to jurisdiction focuses on whether plaintiff has identified a concrete injury which could be redressed if he were to prevail in this action. Constitutional

standing sufficient to invoke the court's jurisdiction under Article III requires that there be: (1) an injury in fact; (2) a causal connection between the injury and the conduct complained of; and (3) a likelihood that the injury will be redressed by a favorable decision. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992); Wash. Legal Found. v. Legal Found. of Wash., 271 F.3d 835, 847 (9th Cir. 2001) (en banc).

> The constitutional component of ripeness overlaps with the "injury in fact" analysis for Article III standing. Whether framed as an issue of standing or ripeness, the inquiry is largely the same: whether the issues presented are "definite and concrete, not hypothetical or abstract."

Wolfson v. Brammer, 616 F.2d 1045, 1058 (9th Cir. 2010) (internal citations omitted).

Prisoners have a right to sanitation. Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982), abrogated on other grounds by Sandin v. Conner, 515 U.S. 472 (1995). When considering the conditions of confinement, the court should consider the amount of time to which the prisoner was subjected to the condition. See Hutto v. Finney, 437 U.S. 678, 686-87 (1978). "[S]ubjection of a prisoner to lack of sanitation that is severe or prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment." Anderson v. County of Kern, 45 F.3d 1310, 1314, as amended, 75 F.3d 448 (9th Cir. 1995). The failure to provide adequate cell cleaning supplies may also amount to unconstitutional punishment where that failure "seriously threatens" the inmate's health. Hoptowit v. Spellman, 753 F.3d 779, 783-85 (9th Cir. 1985) ("Failure to provide adequate cell cleaning supplies, under circumstances [presented in the case], deprives inmates of tools necessary to maintain minimally sanitary cells, seriously threatens their health, and amounts to a violation of the Eighth Amendment."). A conditions of confinement claim may also arise from the type of "egregious circumstances" alleged by plaintiff in this matter. Walker v. Schult, 717 F.3d 119, 127 (2nd Cir. 2013) (citing, *inter alia*, LaReau v. MacDougall, 473 F.2d 974, 978 (2d Cir.1972) ("Causing a man to live, eat and perhaps sleep in close confines with his own human waste is too debasing and degrading to be permitted."); Gaston v. Coughlin, 249 F.3d 156, 165-66 (2d Cir. 2001) (inmate stated an Eighth Amendment claim where the area in front of his cell "was filled with human feces, urine, and sewage water" for several consecutive days); Wright v. McMann, 387 F.2d 519, 521-22, 526 (2d Cir. 1967) (placement in cell for thirty-three

1  days that was "fetid and reeking from the stench of the bodily wastes of previous occupants
2  which . . . covered the floor, the sink, and the toilet," combined with other conditions, would
3  violate the Eighth Amendment).

4  It is true that, unlike the prisoner in Bodnar, plaintiff does not allege that he was subjected
5  to living in repulsive and inhumane conditions, or that he was subjected to a foul odor that was
6  constantly lingering in the cell from the raw sewage and/or foul water always in the toilet from
7  the adjoining cell.  See Bodnar v. Riverside County Sheriff's Dept., Case No. 5:11-cv-00291 DSF
8  OP (C.D. Cal.) (ECF No. 3).  Plaintiff does not allege that he constantly had to look at and deal
9  with raw sewage and foul water without gloves and disinfectant, which was repulsive, offensive,
10  and inhumane.   Id.  Similarly, plaintiff did not allege that "one does not have to have a degree in
11  sanitation engineering to understand that raw sewage and or foul water constantly backflushing
12  into their toilet and sometimes overflowing over the rim and or floor is fully conducive to the
13  development and transmission of bacteria causing severe health risks if not sanitized promptly
14  each time or fixed.  Id., ECF No. 3 at 14.

15  Rather, plaintiff alleges that he was subjected to unsanitary conditions.

16  Here, the harm or the nature of the deprivation that plaintiff allegedly suffered was being
17  housed in an unsanitary cell subject to a constant backflushing toilet, without benefit of cleaning
18  supplies, for a protracted period of time, exposing him to a substantial risk of harm.  Plaintiff
19  avers that from April of 2012 to September of 2013, every time the adjoining cell would flush the
20  toilet, raw sewage would back up in his toilet and, at times, splash on the toilet seat and floor,
21  leaving unsanitary conditions, and jail officials would not provide any cleaning supplies.  (ECF
22  No. 1 at 4.)  The odor, unsanitary conditions, and risk posed by raw sewage is obvious to a
23  layperson, and is why cities provide plumbing and waste treatment plants.  Such exposure to
24  unsanitary living conditions for a period of one year and five months may constitute a deprivation
25  of civilized living conditions that can be redressed by a jury if plaintiff prevails in this action,
26  even if the award is only nominal damages.  See Fields v. Ruiz, 2007 WL 1821469 at *7 (E.D.
27  Cal., June 25, 2007) (holding prisoner alleging he was confined in a cell with an overflowing
28  toilet for 28 days was not "seeking compensatory damages for mental or emotional injuries"; for

6

Eighth Amendment claims, "the issue is the nature of the deprivation, not the injury"), report and recommendation adopted, 2007 WL 2688453 (E.D. Cal. Sept. 10, 2007).  A reasonable jury could find that such conditions constitute punishment in violation of plaintiff's Fourteenth Amendment rights as a pretrial detainee.  Plaintiff concedes he is not seeking compensatory damages for mental or emotional injuries.[1]

Defendants' reliance on Hassel v. Sisto, No. CIV S-10-0191 GEB CMK (TEMP) P, 2011 WL 2946370 (E.D. Cal. July 21, 2011) is unavailing.  Hassel is distinguishable on its facts.  First, allegedly having to live in a small cell where the toilet frequently backflushes, spilling toilet water and raw sewage on the rim and floor and not being provided cleaning supplies to address the unsanitary conditions, is very different from being exposed to TB, which one cannot smell and does not have to clean up.  Second, in Hassel, unlike here, the prisoners were represented by counsel.  Plaintiff's allegations are to be liberally construed, and coherently paint the picture of his living conditions for seventeen months.  Third, because the inmates in Hassel were convicted state prisoners, their claims were analyzed under the Eighth Amendment, not the Fourteenth Amendment.  Fourth, in Hassel, the court found that none of the prisoners had active TB and any future damage was too speculative.  Id. at *2-3.  Here, plaintiff is not seeking damages for future harm or for a speculative risk that he might incur a disease in the future.  Rather, plaintiff seeks damages for allegedly being deprived of sanitary living conditions, without benefit of cleaning supplies, and which included a substantial risk of harm, for a protracted yet concrete period of time.  Because plaintiff alleges he suffered unsanitary living conditions for a seventeen month

---

[1]  In Bodnar, the district court found that

> To the extent that [a plaintiff's] claims for compensatory, nominal or punitive damages are premised on alleged Fourteenth Amendment violations, and not on emotional or mental distress suffered as a result of those violations, § 1997e(e) is inapplicable and those claims are not barred." Id.  Accordingly, damages are available for a violation of a plaintiff's constitutional rights "without regard to his ability to show a physical injury."

Bodnar, 2014 WL 2737815, at *6, quoting Cockcroft v. Kirkland, 548 F.Supp.2d 767, 776 (N.D. Cal. 2008) (defendants not entitled to qualified immunity from claims that they refused to give inmate adequate supplies and tools to sanitize his toilet).  The undersigned is persuaded by the court's reasoning in Bodnar.

period, the deprivation of civilized living conditions can be redressed by a jury if plaintiff prevails in this action. Defendant's motion to dismiss for lack of subject matter jurisdiction should be denied.

### 2. Emotional/Distress or Punitive Damages

In the complaint, plaintiff seeks compensatory damages in the amount of $67,500.00 against the defendants, as well as any other relief the Court deems fit. (ECF No. 1 at 3.)

In the motion to dismiss, defendants argue that "to the extent plaintiff may attempt to obtain damages for emotional/mental distress," such claim would be barred under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(e). (ECF No. 12 at 1-2.) Defendants contend that "to the extent plaintiff may attempt to assert a claim for punitive damages against defendant County, any such request for relief is barred" by City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981) (a plaintiff may not recover punitive damages from a public entity (a municipality) on a claim brought under 42 U.S.C. § 1983); see also Jefferson v. City of Tarrant, Ala., 522 U.S. 75, 79 (1997); accord Bell v. Clackamas County, 341 F.3d 858, 868, n.4 (9th Cir. 2003).

Plaintiff objects that his complaint does not seek such relief, and confirms that he does not seek relief for emotional/distress damages in the complaint. (ECF No. 17 at 2.)

Because plaintiff did not seek such damages in his complaint, the court declines to address defendants' arguments concerning relief not sought by plaintiff.

### B. Fourth Amendment Claim

Defendant seeks dismissal of plaintiff's "Fourth Amendment" claim because the complaint fails to state a Fourth Amendment claim. Plaintiff concedes that he "inadvertently stated Fourth Amendment using Eighth Amendment standards" in his complaint, but that he meant "Fourteenth Amendment." (ECF No. 17 at 2.)

The Fourth Amendment of the U.S. Constitution states:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

8

U.S. Const. amend. IV.

Plaintiff's seven page complaint clearly identifies his status as a pretrial detainee, identifies the Eighth Amendment, and all of his allegations pertain to the unsanitary living conditions discussed above. Plaintiff raises no claims under the Fourth Amendment, as he readily concedes, but rather inadvertently wrote "Fourth" instead of "Fourteenth." However, in an abundance of caution, defendant's motion to dismiss any Fourth Amendment claim should be granted.

IT IS HEREBY RECOMMENDED that:

1. Defendant's motion to dismiss (ECF No. 12) be granted as to plaintiff's "Fourth" Amendment claim, but denied in all other respects, and

2. Defendant be directed to file a responsive pleading as to plaintiff's Fourteenth Amendment claims within fourteen days from any district court order adopting these findings and recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 2, 2016

_[signature]_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/moak0640.mtd