UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDREW MOAK,

    Plaintiff,

v.

SACRAMENTO COUNTY,

    Defendant.

No. 2:15-cv-0640 MCE KJN P

ORDER

I. Introduction

    Plaintiff is a state prisoner, proceeding without counsel. On June 13, 2016, plaintiff filed motions to quash subpoenas issued to the Valley State Prison Litigation Coordinator for plaintiff's non-confidential prison central file, and to "Correctional Health Services," for all of plaintiff's medical records. (ECF Nos. 27, 28.) Defendant filed an opposition. As discussed more fully below, the court grants plaintiff's motions.

II. Plaintiff's Claims

    In his pleading, plaintiff alleges that from April 2012 to September 2013, while he was a pretrial detainee housed in the Sacramento County Jail, defendant maintained a policy or custom of allowing a backflushing problem to exist within the plumbing system at the jail, and refused to provide cleaning supplies to sanitize the cell after waste water splashed out of the toilets.

1

III.  Legal Standard

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . .  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1).

Rule 45 of the Federal Rules of Civil Procedure requires a court, on timely motion, to "quash or modify a subpoena that . . . requires disclosure of privileged or other protected matter, if no exception or waiver applies; or subjects a person to undue burden."  Fed. R. Civ. P. 45(d)(3)(A)(iii), (iv).  "The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections."  Oakes v. Halvorsen Marine Ltd., 179 F.R.D. 281, 283 (C.D. Cal. 1998).

"Quashing subpoenas goes against courts general preference for a broad scope of discovery, [but] limiting discovery is appropriate when the burden of providing the documents outweighs the need for it."  Call of the Wild Movie, LLC v. Does 1-1, 062, 770 F.Supp.2d 332, 354-355 (D. D.C. 2011) (internal quotations and citation omitted).  "When evaluating whether the burden of subpoena compliance is undue, the court balances the burden imposed on the party subject to the subpoena by the discovery request, the relevance of the information sought to the claims or defenses at issue, the breadth of the discovery request, and the litigant's need for the information."  Id. (internal quotations omitted); see also Moon v. SCP Pool Corp., 232 F.R.D. 633, 637 (C.D. Cal. 2005) ("Although irrelevance is not among the litany of enumerated reasons for quashing a subpoena found in Rule 45, courts have incorporated relevance as a factor when determining motions to quash."); Fed. R. Evid. 401 (Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence.").  "Whether a burdensome subpoena is reasonable must be determined according to the facts of the case, such as the party's need for the documents and the nature and importance of the litigation."  Linder v. Dep't of Def., 133 F.3d 17, 24 (D.C. Cir. 1998) (internal citations and quotations omitted).  The court must limit discovery when the "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome,

2

1 or less expensive; the party seeking discovery has had ample opportunity to obtain the
2 information by discovery in the action; or the proposed discovery is outside the scope permitted
3 by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C)(i-iii).

IV. <u>Two Pending Subpoenas</u>

    A. <u>Correctional Health Services</u>

In the subpoena directed to "Correctional Health Services," defendant seeks "any and all medical records of Andrew Moak." (ECF No. 27 at 6.) Plaintiff objects that his medical file at the California Department of Corrections and Rehabilitation ("CDCR") is privileged and not relevant to plaintiff's claims brought as a pretrial detainee housed in the Sacramento County Jail. In response, defendant contends that at plaintiff's deposition, defense counsel clarified that this subpoena was directed to the Sacramento County Correctional Health Services, not the CDCR. Defense counsel avers that plaintiff has no objection to the disclosure of his health records from the Sacramento County Correctional Health Services records. (ECF No. 29 at 5.) Plaintiff did not file a reply to defendant's response; however, in his motion to quash, plaintiff notes that defendant sent the subpoena to Valley State Prison Correctional Health Services. (ECF No. 28 at 2.)

The subpoena does not identify "Correctional Health Services" as the "Sacramento County Correctional Health Services," or "for the Sacramento County Jail;" the subpoena does not state that the request is for Mr. Moak's medical records from the Sacramento County Jail; and no address for the nonparty subpoenaed is provided on the first page of the subpoena form. (ECF Nos. 28 at 6; 29-1 at 2.) However, defendant provided a copy of the subpoena which bears a proof of service on the second page reflecting that the subpoena was served on Bret Butler, Medical Records Tech, California Health Services, P.O. Box 588500, Elk Grove, CA 95758. (ECF No. 29-1 at 3.) A google search for Correctional Health Services, Elk Grove, brought up a website that appears to be a California state website set up under the receivership established as a result of the <u>Plata v. Schwarzenegger</u> class action against the State of California over the quality

////

////

of medical care in the state's 33 prisons.[1]  The California Correctional Health Care Services, known as "CCHCS," appears to cover only state prisons, not county jails.  Id.  The general contact information for this state government website is "California Correctional Health Care Services, P.O. Box 588500, Elk Grove, CA  95658," the same address as that listed on the proof of service for the instant subpoena.  Id.

Thus, despite defendant's effort to assuage plaintiff's concern that the subpoena was directed to the Sacramento County Correctional Health Services, and not the state prison, the subpoena itself offers no such assurance.  Rather, it appears that although the name was correct: "Correctional Health Services," the subpoena was not served on the proper address.[2]  Because the subpoena was directed to an address for the receivership over state prisons, and not to the Sacramento County Jail or the "Correctional Health Services" for Sacramento County, plaintiff's motion to quash the subpoena directed to the Correctional Health Services and mailed to the California Health Services is granted.  However, this order is without prejudice to the issuance of a subpoena to the medical records administrator for the Sacramento County Jail, and served on the correct address.

////

////

---

[1]  California Correctional Health Services, <www.cphcs.ca.gov>, accessed July 6, 2016.

[2]  The Sacramento County Sheriff's website identifies the "Correctional Health Services" as the administrator of all health services to adult inmates within the county jail system. (Sacramento Co. Sheriff's Dept., <www.sacsheriff.com/pages/organization/correctional_health/correctionalhealth.aspx>, accessed July 6, 2016.)  However, their website does not provide a physical address for the mailing of medical records requests.  Rather, the website provides an email address:  ssd-chs-medical-records-fax@saccounty.net, a fax number, and a phone number at which a person may leave a message.

The court observes that the proof of service also states that the manner of service was "electronic." (ECF No. 29-1 at 3.)  But the proof of service does not provide the electronic address to which the subpoena was served.  Thus, it may be that Bret Butler, Medical Records Tech, works for the Correctional Health Services that administers the Sacramento County Jail inmate medical records, and the subpoena was properly served.  If such is the case, the undersigned would entertain a request for reconsideration provided the request is accompanied by a properly-completed proof of service.

    B. <u>Valley State Prison</u>

In the subpoena directed to the Litigation Coordinator at the Valley State Prison ("VSP"), defendant seeks plaintiff's "entire non-confidential central file." (ECF No. 29-1 at 6.) Plaintiff objects to this subpoena, claiming that plaintiff's prison central file is privileged and is irrelevant to any facts stemming from the incidents that occurred in the Sacramento County Jail while plaintiff was a pretrial detainee. (ECF No. 27 at 2.)

In response, defendant contends that there are no records of plaintiff making any complaints concerning backflushing toilets while he was housed at the jail. (ECF No. 29 at 3.) Defense counsel avers that she learned, and plaintiff confirmed at his deposition, that another prisoner at VSP has been preparing nearly all of plaintiff's filings and discovery in this action, and has demanded a 15% cut of plaintiff's recovery in exchange for such services. (ECF No. 29 at 3.) Defense counsel also learned that this same VSP prisoner has filed a large number of other "backflush toilet" cases for numerous other inmates, involving different correctional institutions around the state. (<u>Id.</u>) Defense counsel also learned that plaintiff is in the process of obtaining two declarations from other VSP prisoners that will allegedly support plaintiff's claims against defendant. Therefore, defendant seeks plaintiff's central file to determine whether plaintiff has filed grievances involving similar complaints or claims against VSP or the CDCR, to obtain plaintiff's housing location within the prison as it relates to the location of other potential witnesses/declarants; and records of any interactions with the prisoner who has drafted plaintiff's filings and discovery requests and/or plaintiff's alleged witnesses/declarants. (ECF No. 29 at 4.) Defendant argues that such records are "relevant as they may lead to the discovery of admissible evidence regarding motive, intent and/or plan by plaintiff and his prison associates." (<u>Id.</u>) Defendant contends such information is important to refute plaintiff's claims in this case, and does not pose a burden to plaintiff or VSP as counsel believes the records are stored electronically and can be produced by disk to defense counsel. Defendant argues that absent subpoena, defendant has no other access to this CDCR/VSP information. (ECF No. 29 at 4.)

////

////

The court finds that complaints filed after plaintiff was convicted and housed in CDCR custody are of no relevance to plaintiff's allegations concerning his living conditions at the Sacramento County Jail.  Plaintiff's motion to quash the VSP subpoena is granted.

V. Conclusion

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to quash the subpoena issued to the Correctional Health Services (ECF No. 28), and served on the California Correctional Health Care Services address, is granted, without prejudice to the issuance of a subpoena for plaintiff's medical records from the Sacramento County Jail or the "Correctional Health Services" which administers the Sacramento County medical records, and served on the proper address;

2. Plaintiff's motion to quash the subpoena issued to the Valley State Prison Litigation Coordinator (ECF No. 27) is granted; and

3. The Clerk of the Court is directed to serve a copy of this order on Bret Butler, Medical Records Tech, Correctional Health Services, P.O. Box 588500, Elk Grove, CA  95758, and Monica Pacifico, Litigation Coordinator, Valley State Prison, P.O. Box 99, Chowchilla, CA 93610-0099.

Dated:  July 8, 2016

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/moak0640.mtq