UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW MOAK,<br><br>                    Plaintiff,<br><br>         v.<br><br>SACRAMENTO COUNTY,<br><br>                    Defendant. | No.  2:15-cv-0640 MCE KJN P<br><br>ORDER REVISING SCHEDULING ORDER |

I. Introduction

    Plaintiff is a state prisoner, proceeding pro se, with a civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff alleges that from April 2012 to September 2013, while he was a pretrial detainee housed in the Sacramento County Jail, defendant maintained a policy or custom of allowing a back flushing problem to exist within the plumbing system at the jail, and refused to provide cleaning supplies to sanitize the cell after waste water splashed out of the toilets.  He alleges that such policy or custom violated plaintiff's Fourteenth Amendment rights.  Plaintiff seeks an extension of the discovery deadline to December 15, 2016.  Defendant opposes the request for extension.  As set forth below, the court partially grants plaintiff's request.

II. Request to Modify Scheduling Order

    "The district court is given broad discretion in supervising the pretrial phase of litigation." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607 (9th Cir. 1992) (citation and internal

quotation marks omitted).  Rule 16(b) provides that "[a] schedule may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  "The schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'"  Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting Johnson, 975 F.2d at 607).

III.  Discussion

Plaintiff claims good cause exists to extend the discovery deadline because due to mandatory reentry classes, he was only able to attend the law library once during the entire discovery period.  Plaintiff also complains that by the time he received the scheduling order, he only had 39 days in which to serve discovery requests.  He claims that due to the mandatory reentry schedule, he was unable to return to the law library to obtain copies until May 25, when he mailed his request for production of documents and requests for admissions to defendant.  However, because the deadline for serving discovery requests expired on May 15, 2016, defendant was not obligated to respond.  Plaintiff argues that other magistrate judges in the Eastern District allow eight months to conduct discovery, without a "sixty day before date."  (ECF No. 31 at 4.)  Because plaintiff is incarcerated and pro se, he argues he will be unable to depose the witnesses, and must rely on discovery responses.  Finally, plaintiff argues that because he is due to be paroled in 50 days, his reentry programs will again usurp his time to prepare and to attend the law library.  Plaintiff also argues that defense counsel's notice of unavailability, filed on May 3, 2016, "caused the plaintiff to not send the production of documents . . . and request for admissions. . . until [May 25, 2016.]"  (ECF No. 31 at 8.)

Defendant counters that plaintiff fails to demonstrate he was diligent in seeking discovery during the relevant period, or why a visit to the law library was necessary to prepare or copy these documents.  Defendant points out that the notice of unavailability was for June 24 through July 8, 2016 (ECF No. 26), which period fell outside the deadline for propounding discovery requests.  Defendants argue that plaintiff did not file a motion to compel discovery responses from defendant prior to the expiration of the discovery deadline, further evidencing the lack of due diligence by plaintiff.  (ECF No. 35 at 3.)

1     Pursuant to the March 23, 2016 discovery and scheduling order, the discovery deadline
2 expired on July 15, 2016.  Plaintiff's request to modify the discovery deadline was presented to
3 prison officials for mailing on June 28, 2016; thus, his request to modify the deadline is timely.
4 This order also set the deadline for filing pretrial motions for October 7, 2016.

5     Plaintiff's request is contradictory.  First, he claims that he was unable to obtain copies of
6 his discovery requests until he could access the law library on May 25, 2016.  Then, he claims
7 that he had to wait to propound the discovery requests because of defense counsel's
8 unavailability.  However, as pointed out by defendant, the period of unavailability did not fall
9 within the deadline for propounding discovery requests.  In any event, the deadline for
10 propounding discovery requests had already expired by May 15, 2016, before plaintiff was
11 prepared to mail his discovery requests.

12     It appears that plaintiff was under the misapprehension that he could wait to conduct
13 discovery because he believed his reentry programming took precedence.  Plaintiff is mistaken.
14 As a pro se litigant, it is incumbent upon him to diligently prosecute his own action.  Plaintiff
15 does not explain why he could not hand write copies of the discovery requests from his cell, or
16 why he did not seek court intervention in May when it became clear he could not meet the court's
17 deadline.  Rather, he waited over a month before seeking court intervention.  Plaintiff is cautioned
18 that this court is not bound by deadlines set by other magistrate judges in their scheduling orders.
19 Plaintiff did not identify any new discovery requests he contemplates that would warrant an
20 extension of the discovery deadline to December 15, 2016.

21     Therefore, notwithstanding the untimeliness of plaintiff's requests, the discovery deadline
22 is extended for the limited purpose of obtaining responses to plaintiff's request for production of
23 documents and request for admissions previously-served on defendant.  The discovery deadline is
24 extended to October 18, 2016, for such limited purpose only, and the dispositive motion deadline
25 is extended to January 18, 2017.  No new discovery requests may be propounded by any party.
26 ////
27 ////
28 ////

3

III. <u>Conclusion</u>

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to modify the discovery and scheduling order (ECF No. 31) is partially granted.

2. On or before September 16, 2016, defendants shall respond to plaintiff's discovery requests, mailed by plaintiff on May 25, 2016.

3. The discovery deadline is extended to October 18, 2016, and the pretrial motions deadline is extended to January 18, 2017.  In all other respects the March 23, 2016 discovery and scheduling order remains in effect.

Dated:  August 4, 2016

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/cw/moak0640.16b